UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAYRA G. DIAZ, *et al.*, <br><br> Defendants. | Case No. 12-cv-1106-W (WMC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS** [DOC. 12] |

On September 19, 2013, the Court granted Plaintiff's motion for default judgment. Consequently, the Clerk of the Court entered default judgment against Defendants in the amount of $3,200. The Court also instructed Plaintiff that if it wishes to seek attorneys' fees and costs, it must file a motion making the request. Now pending before the Court is Plaintiff's unopposed motion for attorneys' fees and costs.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

//

I. ANALYSIS

    A. Attorneys' Fees

Reasonable attorneys' fees are recoverable under both 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C). Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted).

The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). It is likewise the fee applicant's burden to "submit evidence supporting the hours worked and rates claimed[.]" Id. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984); Toussaint v. McCarthy, 826 F.2d 901, 904 (9th Cir. 1987)).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Those factors—also known as the Kerr factors—include:

//
//
//

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (quoting McGrath v. Cnty. of Nevada, 67 F.3d 248, 252 (9th Cir. 1995)); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1995).

The district court must also determine a reasonable hourly rate. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with special emphasis on fees charged by attorneys of "comparable skill, experience, and reputation." Davis v. City of San Francisco, 976 F.2d 1536, 1546 (9th Cir. 1992). As a general rule, the forum district represents the relevant legal community. Gates, 987 F.2d at 1405; see also Camacho, 523 F.3d at 979 ("[G]enerally, the relevant community is the forum in which the district court sits.").

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum, 465 U.S. at 895 n.11. "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiff requests a total of $2,235 in attorneys' fees based on 1.15 hours of work at an hourly rate of $450 performed by attorney Thomas P. Riley in addition to 3.00 hours of work at an hourly rate of $300 performed by the research attorney, 3.00

hours of work at an hourly rate of $150 performed by the paralegal, and 4.90 hours of work at an hourly rate of $75 performed by the administrative assistant. (Riley Decl. ¶¶ 5–7, Ex. 1.) Plaintiff provides a declaration of its attorney and a chart indicating the services rendered and hours billed. (Id.) However, the entries in the chart are not based on contemporaneous billing records, but rather the "[b]illable hours for legal services rendered [were] reconstructed by way of a thorough review of the files themselves." (See id. ¶ 6.) Mr. Riley also declares that "[h]aving handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered[,]" and "[o]ur rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California[.]" (Id.) He also states that he has been practicing law for "over two decades," and that his firm has "specialize[d] in the civil prosecution of commercial signal claims" since December 1994. (Id. ¶ 3–4.)

In a strikingly similar case involving the same plaintiff and same attorney, another district court denied the plaintiff's request for attorneys' fees and costs. See J & J Sports Prods., Inc. v. Ortiz, No. 12-CV-05766, 2014 WL 1266267, at *3-4 (N.D. Cal. Mar. 24, 2014). In Ortiz, the district court recounted the exact same assertions from Mr. Riley's declaration, and a presumably similar chart listing services rendered and hours billed. Id. at *2-3. Because the plaintiff "made no effort to demonstrate that the hourly rates charged are reasonable in the Northern District of California," which was the "relevant community" for purposes of determining whether the hourly rates charged are reasonable, the court concluded that Mr. Riley's declaration, "without any supporting evidence, fail[ed] to meet Plaintiff's burden to establish that the rates sought are the prevailing market rates for the Northern District of California." Id. at *3. The court added that it could not determine the comparable skill, experience, and reputation of the attorneys involved because the plaintiff offered "no information or documentation justifying the rates requested, such as the curriculum vitae, resume, or even the identities of the individuals who worked on this case." Id. at *4. For these

reasons, the court concluded that the plaintiff failed to carry its burden to demonstrate that the requested fee award was reasonable. Id.

Every deficiency in the fee request from Ortiz also exists in this case. Plaintiff relies on the same assertions in what appears to be a nearly identical declaration of Mr. Riley, and a similar non-contemporaneous billing chart. "Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff." J & J Sports Prods., Inc. v. Napuri, No. C 10-04171, 2013 WL 4428573, at *2 (N.D. Cal. Aug. 15, 2013). Furthermore, Plaintiff makes no effort to show that the hourly rates charged are reasonable in the Southern District of California. Rather, like in Ortiz, Mr. Riley merely asserts that his "rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California," and attaches the Laffey Matrix to support this assertion, which provides prevailing market rates in the District of Columbia. (Riley Decl. ¶ 6, Ex. 2.) But the Southern District of California—not the Central District of California or the District of Columbia—is the "relevant community" for the purposes of determining whether the hourly rates charged are reasonable. See Gates, 987 F.2d at 1405. Plaintiff wholly fails to provide any evidence regarding the prevailing rates charged by attorneys of comparable skill, experience, and reputation in this district. See Davis, 976 F.2d at 1546. In fact, the bodies of Plaintiff's motion and Mr. Riley's declaration are completely devoid of any reference to the Southern District of California. (Pl.'s Mot. 1:21–4:6; Riley Decl. ¶¶ 1–8.) Without any supporting evidence, Plaintiff fails to meet its burden to establish that the rates sought are the prevailing market rates for the Southern District of California.

Additionally, other than Mr. Riley's conclusory assertion that the rates charged "are comparable to rates for specialized litigation law firms, and [his] personal rate [of $450 per hour] is comparable to the rates of law firm partners who practice in specialized litigation," Plaintiff offers no information or documentation—such as a

1  curriculum vitae or resume for the individuals who worked on the case—justifying the
2  rates requested. Accordingly, applying the sound reasoning of <u>Ortiz</u>, this Court
3  concludes that Plaintiff also fails to carry its burden to demonstrate that the requested
4  fee award is reasonable. <u>See</u> <u>Ortiz</u>, 2014 WL 1266267, at *3-4; <u>see also</u> <u>Napuri</u>, 2013
5  WL 4428573, at *2-3 (denying request for attorneys' fees under similar circumstances
6  by the same plaintiff and same attorney).

8  **B.  Costs**

9  Section 605 requires that the court award "full costs . . . to an aggrieved party
10  who prevails." 47 U.S.C. § 605(e)(3)(B)(iii); <u>see</u> 47 U.S.C. § 553(c)(2)(C). Plaintiff
11  seeks a total of $905.08 in costs: (1) $500 for "Investigative Expenses"; (2) $350 for the
12  complaint filing fee; (3) $5.48 for photocopying charges; and (4) $49.60 for postage
13  charges. (Riley Decl. Ex. 1.) It incurred all of these costs on September 26, 2013
14  according to the billing chart provided. (<u>Id</u>.) However, Plaintiff provides no authority
15  for the recovery of its investigative fees, and courts have refused to award pre-filing
16  investigation fees to the prevailing party. <u>See, e.g.</u>, <u>Ortiz</u>, 2014 WL 1266267, at *4;
17  <u>Napuri</u>, 2013 WL 4428573, at *3; <u>Joe Hand Promotions Inc. v. Piacente</u>, No. C-10-
18  3429, 2011 WL 2111467, at *9 (N.D. Cal. Apr. 11, 2011); <u>J & J Sports Prods., Inc. v.</u>
19  <u>Schrader Rest. Corp.</u>, 485 F. Supp. 2d 422, 424 (S.D.N.Y. 2007). It is noteworthy that
20  Plaintiff's motion does not mention any investigations at all. (<u>See</u> Pl.'s Mot. 1:21–4:6.)
21  It also does not mention photocopies or postage. (<u>See id</u>.) Consequently, Plaintiff also
22  fails to meet its burden to show it is entitled to reimbursement for photocopying charges
23  under Civil Local 54.1(b)(6), and fails to provide authority that it is entitled to
24  reimbursement for postage.

25  Accordingly, the Court will only allow reimbursement for costs in the amount of
26  $350 to reimburse for the complaint filing fee. <u>See</u> Civ. L.R. 54.1; <u>see also</u> <u>Ortiz</u>, 2014
27  WL 1266267, at *4.
28  //

## II. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's unopposed motion for attorneys' fees and costs.  (Doc. 12.)  Specifically, the Court **DENIES** Plaintiff's request for attorneys' fees, **GRANTS** the request for costs for the $350 complaint filing fee, and **DENIES** the request for costs for investigative expenses, photocopying charges, and postage charges.

**IT IS SO ORDERED.**

DATE: April 18, 2014

HON. THOMAS J. WHELAN
United States District Court
Southern District of California